

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
12/3/19
NOTICE OF DEFICIENT FILING

TO: Manuel Chapa
631 William Street
Seguin, TX 78155

SUBJECT: Chapa vs. Louisiana State, et al, 19-13761, B (1)

Your 1983 Complaint has been received but is deficient as noted below:

_____ 1. The Clerk's Office is unable to provide you with the information you are requesting.
Therefore, your document is being returned to you.

_____ 2. The Court is unable to act on the subject matter of your letter except in the context of a formal lawsuit.
Therefore, your document is being returned to you.

_____ 3. The Clerk's Office is unable to provide legal advice to individuals on how to proceed with a lawsuit.
Therefore, your document is being returned to you.

_____ 4. The records of this Court do not show that there is any pending case related to you at this time.
Therefore, your document is being returned to you.

_____ 5. Your document appears intended for a different court.
Therefore, your document is being returned to you.

_____ 6. You should not correspond directly with the Magistrate Judge or District Judge about your lawsuit. All pleadings and correspondence should be addressed to the Clerk of Court.
Therefore, your document is being returned to you. You must adhere to this rule in any future filings.

_____ 7. All pleadings and other papers filed must be on 8½" x 11" paper, double spaced, and legibly handwritten or typed. If the document consists of more than two (2) pages, each page of the document must bear a sequential number, beginning with "2" for the second page. Standard font must be used. The Court may refuse to consider text presented in less than standard font, such as small or fine typeface. All margins must be no less on 1". No print or writing may appear in the margins. See Local Rule 10.1. DO NOT WRITE TO THE END OF THE MARGINS OR YOUR DOCUMENT WILL BE RETURNED UNFILED.
You must adhere to this rule in any future filings.

_____ 8. The clerk is not required to file any document or render any service for which a fee is legally collectible unless the fee for the service has been paid in advance. The plaintiff has 21 days from the date of this notice to submit $400.00 for the cost of filing a civil complaint. If the <u>plaintiff cannot afford the filing fee</u>, <u>the plaintiff must ask the Court to proceed as a pauper. An APPROVED FORM for this purpose is attached.</u> Please submit the filing fee or return the completed form within <u>21 calendar days</u> from the date of this letter. If you are incarcerated and are applying for pauper status you must submit a certified copy of your trust fund account statement or the institutional equivalent for the 6-month period immediately preceding the filing of the complaint, habeas corpus or notice of appeal obtained from the appropriate official of each prison at which you are or were confined.

_____ 9. The clerk is not required to file any document or render any service for which a fee is legally collectible unless the fee for the service has been paid in advance. The plaintiff has 21 days from the date of this notice to submit $5.00 for filing a petition for habeas relief and habeas related mandamus. If the plaintiff cannot afford the filing fee, the plaintiff must ask the Court to proceed as a pauper. A form for this purpose is attached.
Please submit the filing fee or return the completed form within <u>21 calendar days</u> from the date of this letter.

____10. A writ of habeas corpus submitted by a person in state custody, a motion to vacate, <u>a § 1983 prisoner suit</u>, <u>AND</u> a <u>request for pauper status should be submitted on an approved form.</u> These forms has been <u>enclosed</u> for your convenience. Please return the completed form within <u>21 calendar days</u> from the date of this letter.

_____11. The cost of filing an appeal is $505.00. If you apply for pauper status when bringing an appeal, you must submit an affidavit that includes a statement of all assets you possess and that you are unable to pay the fee. This form has been enclosed for your convenience.
Please submit the filing fee or return the completed form within <u>21 calendar days</u> from the date of this letter.

> If you are incarcerated and are applying for pauper status you must submit a certified copy of your trust fund account statement or the institutional equivalent for the 6-month period immediately preceding the filing of the complaint, habeas corpus or notice of appeal obtained from the appropriate official of each prison at which you are or were confined.

_____12. **EVERY QUESTION ON THE 1983 COMPLAINT AND ON FORMA PAUPERIS APPLICATION MUST BE FULLY COMPLETED**. If the question <u>does not apply to you</u>, or the <u>requested information is not available</u>, you can put <u>Not Applicable or N/A</u> in that Section. **PLEASE COMPLETE BOTH FORMS AND RETURN FOR PROCESSING within 21 calendar days** from the date of this letter.

_X_ 13. A <u>complaint</u>, affidavit or other pleading submitted to the Clerk for filing must bear **YOUR ORIGINAL SIGNATURE**. A signed copy <u>by SOMEONE ELSE WITH YOUR PERMISSION IS NOT SUFFICIENT</u>. See Local Rule 11.1.
Please <u>SIGN and RETURN</u> the enclosed document within <u>21 calendar days from the</u> date of this letter.

_____14. The filer's name, address, and telephone number shall be typed or printed below the signature. See Local Rule 11.1. Please return the completed form within <u>21 calendar days</u> from the date of this letter.

_____15. The complaint and any other pleading must be signed by the filer personally unless filer is represented by a member of the bar of this Court. If the filer is represented, pleadings must be signed and submitted by counsel. See Local Rule 11.1. Please return the completed form within <u>21 calendar days</u> from the date of this letter.

_____16. The names of <u>all parties listed ON THE 1983 COMPLAINT & THE APPLICATION TO PROCEED IN FORMA PAUPERIS MUST BE EXACTLY THE SAME.</u> Please <u>complete the Caption on the Forma Pauperis Application To EXACTLY MATCH THE COMPLAINT</u> and return for processing.

_____17. Every pleading shall bear a certificate by the party who files it that copies have been served on all parties or their counsel of record by hand or by mail. See Local Rule 5.4. You must adhere to this rule in any future filings.

_____18. Parties filing a motion shall, at the time of filing, notice it for submission. See Local Rule 7.2.
Please return the completed form within <u>21 calendar days</u> from the date printed at the top of this letter.

_____19. Except as noted in Local Rule 7.3, all motions shall be accompanied by a memorandum in support. See Local Rule 7.4. Please return the completed form within <u>21 calendar days</u> from the date of this letter.

_____20. Pleadings may not be supplemented without permission of the Court. See Local Rule 7.4. Please provide the motion for leave to supplement and return the document within <u>21 calendar days</u> of the date of this letter.



_____21.   Consent or ex parte motions, which need not be noticed for submission, shall be accompanied by a proposed order. See Local Rule 7.3. Please provide the proposed order and return within <u>21 calendar days</u> of the date of this letter.

_____22.   Once an answer has been filed, a complaint may not be amended or supplemented without permission of the Court. See Local Rule 7.6.
Please provide the motion for leave to amend or supplement the complaint and return the document within <u>21 calendar days</u> of the date of this letter.

_____23.   Discovery requests and responses thereto must not be filed until they are used in a proceeding before the Court or until the Court grants an order allowing the filing of the document. Federal Rule of Civil Procedure 5(d). Therefore, your document is being returned to you.

_____24.   28 U.S.C. § 1654 precludes a corporation from appearing through a lay person. A corporation must be represented by an attorney qualified to practice before this Court. Therefore, your document is being returned to you.

_____25.   The <u>**CAPTION ON YOUR APPLICATION TO PROCEED IN FORMA PAUPERIS FORM MUST BE FULLY COMPLETED TO REFLECT THE EASTERN DISTRICT OF LOUISIANA AND NAMES OF THE PLAINTIFF AND DEFENDANTS**</u>. Please CORRECT and RETURN the completed forms within <u>21 calendar days</u> from the date of this letter.

_____26.   <u>**EVERY QUESTION ON THE FORMA PAUPERIS APPLICATION MUST BE FULLY COMPLETED**</u>. If the question <u>does not apply to you</u>, or the <u>requested information is not available</u>, you can put <u>Not Applicable or N/A</u> in that Section. <u>**PLEASE COMPLETE QUESTION #6 AND RETURN FOR PROCESSING within 21 calendar days**</u> from the date of this letter.

_____27.   Your <u>Complaint and Forma Pauperis Application is Captioned For The Western District Of Louisiana</u>. Please <u>**COMPLETE**</u> and <u>return</u> the enclosed <u>**APPROVED FORMS FOR THIS DISTRICT**</u> for processing.

_____28.   OTHER: The Statement of Account <u>cannot</u> be filled out by <u>you or any other prisoner.</u> The Statement of Account must be completed by the <u>appropriate prison official in Inmate Banking at your Facility.</u>

If you have been instructed to provide additional information, please act immediately, and provide the required documents within the time frame indicated above; otherwise, a judicial officer will be notified of your failure to comply.

WILLIAM W. BLEVINS
CLERK OF COURT

By: _____
    Deputy Clerk

Respond to:
Clerk, U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

Rev. 7/21/14

**DEFICIENT**

    e.    All other relief the court deems appropriate.

Dated: November 21, 2019

*Manuel Chapa w/ permission*
Manuel Chapa
Pro Se
631 William Street
Seguin, TX 78155
(832) 996-6144

**DEFICIENT**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED NOV 21 2019

WILLIAM W. BLEVINS
CLERK

MANUEL CHAPA,
**Plaintiff**

-vs-

STATE OF LOUISIANA,
ST. TAMMANY PARISH,
WALTER P. REED,
JUDGE SCOTT GARDNER,
JUDGE WILLIAM J. KNIGHT,
TROOPER THOMAS NOTO,
DEPUTY GARY NUNEZ,
ATTORNEY DAVID M. DIXON,
**Defendants**

**19-13761**

**SECT. B MAG. 1**

### COMPLAINT

**JURISDICTION**

This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 to redress violations of Plaintiff's rights under the fourteenth amendment of the United States Constitution. This Court has jurisdiction based on 28 U.S.C §1331 (federal question). Venue is proper in the Eastern District of Louisiana, New Orleans Division, pursuant to 28 U.S.C. §1391(b), as all the actions, omissions, and events complained of took place in St. Tammany Parish, and within the venue of this Court.

**PARTIES**
   A. Plaintiff, Manuel Chapa, in their individual capacity, is currently employed as a construction worker with an address of 631 William Street, Seguin, TX 78155. His date of birth is 12/16/1966, date of arrest, 03/24/2002 and date of conviction is 10/27/2004.
   B. Defendant, State of Louisiana, in their individual and official capacity, engaged in a pattern and practice in which it deliberately violated the civil rights of residents of this parish who were falsely accused of crimes
   C. Defendant, St Tammany Parish, in their individual and official capacity, engaged in a pattern and practice in which it deliberately violated the civil rights of residents of this parish who were falsely accused of crimes
   D. Defendant, Walter P. Reed, in their individual and official capacity, is currently a federal inmate, #34260-034, at FCI Morgantown, 446 Greenbag Road, Route 857, Morgantown, WV 26501.
   E. Defendant, Judge Scott Gardner, in their individual and official capacity, is employed as the Judge for the 22nd District Court, Division G, in St. Tammany Parish, Louisiana, at 701 N Columbia St #200, Covington, LA 70433.

TENDERED FOR FILING

NOV 21 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee 400.00
___ Process ___
X Dktd ___
___ CtRmDep ___
___ Doc. No. ___

F. Defendant, Judge William J. Knight, in their individual and official capacity, is currently employed as the Judge for the 22nd District Court, Division J, in St. Tammany Parish, Louisiana, at 701 N Columbia St #200, Covington, LA 70433.
G. Defendant, Thomas Noto, in their individual and official capacity, is currently employed as a DEA agent in the State of Louisiana. @ 3838 N. Causeway Blvd. Ste.1800 Metairie, La.
H. Defendant, Deputy Gary Nunez, is currently employed as a Sherriff for St. Tammany Parish, Louisiana. @ 701 N. Columbia St., Covington, La. 70433
I. Defendant, Attorney David M. Dixon, is currently employed as an attorney in Houston, TX.

**COMPLAINT**

Plaintiff was falsely accused of committing possession of marijuana and Defendants knowingly ignored Plaintiff's innocence and maliciously prosecuted him for the offense Plaintiff was arrested on March 24, 2002 for possession of marijuana in excess of 60lbs, but less than 2000lbs in St. Tammany Parish, Louisiana. Plaintiff was driving a tractor trailer along with a passenger named David Salinas. Plaintiff had been hired to accompany Salinas in the vehicle by the Texas Workforce Commission. Plaintiff had no knowledge of marijuana being present in the vehicle. David Salinas exculpated plaintiff at the scene and took responsibility for the marijuana that was found in the vehicle. Officers at the scene, Thomas Noto and Gary Nunez, conspired to fabricate the offense report by not including Salinas's exculpatory statement.

On September 5, 2002, a severance hearing was held, and David Salinas again exculpated the Plaintiff under oath saying that he had no knowledge of the marijuana being in the vehicle. Subsequent to said hearing and as part of the conspiracy, the Assistant District Attorney, Scott Gardner, conspired to coerce Salinas's lawyer at the time, David Dixon, to in turn force Salinas to change his story and state that Plaintiff had knowledge of the marijuana. On October 27, 2004, Plaintiff's trial was held in the 22nd Judicial District Court of the St. Tammany Parish. At said trial, officers Noto and Nunez conspired by not testifying to the truth of Salinas's exculpation of Plaintiff. Additionally, at said trial, Judge Knight conspired by not allowing conspirator, David Dixon, to be questioned under oath about his coercing Salinas to lie about Plaintiff's involvement in the case. Plaintiff was found guilty at trial and sentenced to 25 years in prison.

The above stated conspiracy to maliciously prosecute Plaintiff was a direct result of the well documented public corruption and malicious prosecution of Defendants in the St. Tammany Parish in Louisiana by the elected District Attorney of said Parish, Walter R. Reed. Plaintiff was released from prison on November 21, 2018.

**DEMAND**

For these reasons, Plaintiffs ask for judgment against all Defendant, jointly and severally, for the following:
    a.    All actual damages sustained by Plaintiff;
    b.    mental anguish and emotional distress, future mental anguish and emotional distress
    c.    All punitive damages assessed against all Defendants individually and officially;
    d.    Prejudgment and post-judgment interest; and