**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MANUEL CHAPA** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 19-13761** |
| **STATE OF LOUISIANA, ET AL** | **SECTION: "B"(1)** |

<u>**ORDER AND REASONS**</u>

Before the court are:

(1)   Defendant State of Louisiana's motion to dismiss (Rec. Doc. 21);

(2)   Defendant Thomas Noto's motion to dismiss (Rec. Doc. 30);

(3)   Plaintiff Manuel Chapa's motion for appointment of counsel under 28 U.S.C. § 1915(E)(1), motion to vacate July 13 Order of Dismissal, motion for extension of time to respond, motion for reconsideration until 30 days, and motion to strike Noto's motion to dismiss (Rec. Docs. 37, 42); and

(4)   Plaintiff's motion for "abatement until appearance of counsel" (Rec. Docs. 38, 42).

For the reasons discussed below,

**IT IS ORDERED** that defendant State of Louisiana's motion to dismiss (Rec. Doc. 21) is **GRANTED;**

**IT IS FURTHER ORDERED** that defendant Thomas Noto's motion to dismiss (Rec. Doc. 30) is **GRANTED;**

1

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel under 28 U.S.C. § 1915(E)(1), motion to vacate July 13 Order of Dismissal, motion for extension of time to respond, motion for reconsideration until 30 days, and motion to strike Thomas Noto's motion to dismiss (Rec. Doc. 37) are **DENIED;** and

**IT IS FURTHER ORDERED** that plaintiff's motion for abatement until appearance of counsel (Rec. Doc. 38) is **DENIED.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Manuel Chapa brings a civil rights action for monetary and other relief pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of the Fourteenth Amendment. At the time of filing the complaint (Rec. Doc. 3), Chapa was a fifty-three-year-old resident of Seguin, Texas. (*See* Rec. Doc. 3-1 at 1). As basis for the claims, he alleges being wrongfully arrested and convicted for possession of marijuana. *Id.* at 2.

Chapa states the arrest occurred in St. Tammany Parish, Louisiana on March 24, 2002 while he was driving a tractor trailer rig. Also in the truck at that time was passenger David Salinas. *Id.* Chapa denies knowledge of the presence of marijuana in the vehicle. He further states David Salinas took responsibility for the marijuana at the arrest scene and during a severance hearing on September 5, 2002. After trial on October 27, 2004 in the 22nd Judicial District Court of St. Tammany Parish, Chapa was

subsequently found guilty and sentenced to twenty-five years in prison. *Id.* He was released from prison on November 21, 2018. *Id.*

Chapa alleges a "conspiracy to maliciously prosecute" him, which was a "direct result of the well documented public corruption and malicious prosecution" by Walter R. Reed, the District Attorney for St. Tammany Parish. *Id.* As part of the conspiracy, Chapa alleges (1) the officers at the scene of his arrest, Thomas Noto and Gary Nunez, "conspired to fabricate the offense report by not including Salinas's exculpatory statement"; (2) the Assistant District Attorney, Scott Gardner, conspired to coerce Salinas's lawyer, David Dixon, to "force Salinas to change his story"; (3) Noto and Nunez did not testify to Salinas's exculpatory statement at trial; and (4) Judge William J. Knight did not allow Chapa to question Salinas' lawyer David Dixon about coercing Salinas to "lie about Plaintiff's (Chapa's) involvement." *Id.*

Judge Knight and St. Tammany Parish Government's motions to dismiss were granted on July 13, 2020. (Rec. Doc. 28). Chapa failed to submit any memoranda in opposition to either motion; the court deemed both motions unopposed and having merit. *Id.* at 1. Claims against Judge William J. Knight and St. Tammany Parish Government were dismissed and no motion for reconsideration was filed within the requisite thirty days for doing so. *Id.* at 2.

On August 4, 2020, plaintiff was directed to obtain responsive pleadings or preliminary defaults on or before August 28, 2020 as

to certain defendants. (Rec. Doc. 31). He was warned that failure to do so would result in the defendants' dismissal. *Id.*

Chapa then filed the aforementioned motion for appointment of counsel, to vacate this Court's July 13, 2020 order, for extension of time to respond, and to strike defendant Noto's motion to dismiss, (Rec. Doc. 37), and motion to stay proceedings on August 26, 2020. (Rec. Doc. 38).

**LAW AND ANALYSIS**

**A. Plaintiff's Request for Counsel and Stay of Proceedings**

A district court may grant a request for an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The Fifth Circuit has explained that courts may exercise this discretion "if doing so would advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The trial court is not obligated to grant the motion unless there are "exceptional circumstances." *Jackson v. Dallas Police Dep't*, 811 F.2d 260 (5th Cir. 1986)(quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (internal quotation marks omitted)). In *Ulmer*, the Fifth Circuit laid out four factors to be considered when evaluating motions to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

4

*Ulmer*, 691 F.2d at 213 (internal citations omitted). Additionally, in *Jackson*, the Fifth Circuit held that "[t]he court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case."

Plaintiff's arguments that this case meets the factors of *Ulmer* and *Jackson* are weakened by his own motions. Plaintiff points to the complexities of the motion practice at hand, the fact that he relies on others "not committed" to him to write his motions and has written none himself, and implies that he cannot afford counsel. (Rec. Docs. 37, 38). However, despite the ostensible complexities of this dispute, plaintiff has competently filed two well-drafted motions[1] and supporting memoranda. *See Id.* Plaintiff also states that he has not written anything filed in this dispute except for a "change of address," and that prior counsel has abandoned his case. (Rec. Doc. 37-1 at 2). However, the instant motions were filed under plaintiff's own name and allegedly bear his signature. *Id.* Plaintiff has also filed other motions bearing his alleged signature, none of which—the instant motions included—indicate that others assisted in their drafting. *See, e.g.,* (Rec. Doc. 14 at 2) (requesting an extension of

---

[1] It is worth noting that plaintiff's motions contain legal citations in substantial, if not complete, compliance with the relevant Blue Book rules. *See, e.g.*, Rec. Doc. 37-1 at 6-7.

time to effect service of process). Either plaintiff's assertions are disingenuous and indeed plaintiff has drafted several court filings, or plaintiff is filing motions and memos drafted with assistance from undisclosed and unsigned persons.

Plaintiff also fails to assert any facts or offer any evidence to substantiate his indigency or inability to afford counsel. *See generally* (Rec. Docs. 37, 38). Plaintiff does not address factor four, whether evidence will consist of conflicting testimony requiring skills in presenting evidence and cross-examination, except to state that defendant Nunez has filed a jury demand. (Rec. Doc. 37-1 at 7). Moreover, for reasons explained below, plaintiff's argument that appointment of counsel would aid in the disposition of this case because the Supreme Court's decision in *Ramos v. Louisiana* requires his conviction to be overturned and therefore defeats defendant Noto's *Heck v. Humphrey* defense lacks merit, and therefore does not bear on the complexity of this case. *Id.* at 7. Therefore, plaintiff has not shown that he is entitled to appointment of counsel under the factors set forth by the Fifth Circuit in *Ulmer* and *Jackson*, and discretion to do so is rejected. Because plaintiff's request for appointment of counsel lacks merit and nothing more is necessary to resolve instant motions, the motion for a stay

of proceedings and "plea for abatement" are denied. (Rec. Docs. 37, 38).

**Defendants Motions to Dismiss under Rule 12(b)(1)**

Federal courts have limited jurisdiction and cannot adjudicate claims unless the authority to do so is conferred by statute. *Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at 4 (E.D. La. Feb. 5, 2020). "Therefore, federal courts must dismiss lawsuits whenever it appears that subject matter jurisdiction is lacking." *Id.* District courts considering whether subject matter jurisdiction exists may evaluate: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The plaintiff "constantly bears the burden of proof" that subject matter jurisdiction exists. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). When considered in conjunction with other Rule 12 motions, 12(b)(1) attacks on subject matter jurisdiction should be considered before addressing attacks on the merits. *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be

granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Defendants State of Louisiana and Noto, in his official capacity, assert sovereign immunity conferred by the Eleventh Amendment. (Rec. Docs. 21-1 at 4, 31-1 at 7). The Eleventh Amendment grants the states sovereign immunity, thereby depriving federal courts of jurisdiction to adjudicate claims against a state. *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). In *Quern v. Jordan*, the Supreme Court explained that 42 U.S.C. § 1983 does not abrogate a state's sovereign immunity under the Eleventh Amendment. 440 U.S. 332, 345 (1979). Similarly, where a state has not waived sovereign immunity, "state-law claims are also subject to the Eleventh Amendment bar." *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). This immunity extends not only to the state, but also "a state agency, or a state official in his official capacity," unless waived or abrogated by Congress. *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 672, 208 L. Ed. 2d 277 (2020).

With the exception of plaintiff's request that defendant Noto's motion to dismiss be stricken, defendants' motions to

dismiss are unopposed. Plaintiff's motion to strike is of no consequence, however, because it does not challenge the veracity of defendants Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and is, for reasons discussed above, otherwise fatally flawed. (*See* Rec. Doc. 37 at ). Plaintiff asserts § 1983 claims against the State of Louisiana and defendant Noto, in his official capacity. (*See* Rec. Doc. 1 at 1-2). Defendants are presumptively entitled to sovereign immunity from plaintiff's claim, and plaintiff perpetually carries the burden of showing subject matter jurisdiction. The complaint does not allege that defendants have waived their sovereign immunity. (*See* Rec. Doc. 1). Moreover, as explained by the Supreme Court in *Quern*, Congress did not by enactment of § 1983 abrogate the states' sovereign immunity. Therefore, plaintiff has not carried his burden and subject matter jurisdiction over defendants State of Louisiana and Noto, in his official capacity, is found lacking.

**B. Defendant Noto's Motion to Dismiss under Rule 12(b)(5)-(6)**

As an initial matter, plaintiff's motion to strike defendant's motion to dismiss lacks merit and needs not be addressed at length.[2] (Rec. Doc. 37). A motion to dismiss for

---

[2] A motion to strike under Rule 12(f) applies only to "pleadings," which the Federal Rules of Civil Procedure define in an exhaustive list without inclusion of motions. *See* Fed. R. Civ. P. 7(a); *see also Burnett v. ARCCA Inc.*, No. CV 15-1214, 2016 WL 828151, at 4 (W.D. La. Feb. 25, 2016) (denying motion to strike a motion to dismiss because "[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings"). But even if this Court were to overlook this fatal flaw, plaintiff's motion to strike would still lack merit because plaintiff's arguments in favor thereof are moot.

failure to properly serve a defendant "turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If a defendant is not served within 90 days after the complaint is filed, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, upon a showing of good cause for failure to do so, courts are required to extend the time allowed for service of process. *Id*.

Under the federal rules, service of process can be made by "following state law for serving a summons" in the state where the district court sits, or by one of the following three methods:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

Plaintiff contends the motion to dismiss should be stricken because "he raises an insufficient defense and scandalous matter by falsely asserting that [plaintiff] was convicted of second-degree murder." (Rec. Doc. 37-1 at 8). However, plaintiff's contention that defendant's *Heck v. Humphrey* argument is misguided, as the mere possibility that his conviction could be invalidated is not sufficient to defeat the Supreme Court's edict in *Heck* that "the complaint [which implies the invalidity of his conviction] must be dismissed unless the plaintiff can demonstrate that the conviction or sentence **has already been invalidated**." 512 U.S. 477, 487 (emphasis added). Additionally, this Court has already granted plaintiff's motion to amend or correct the erroneous reference to a conviction of second-degree murder. (Rec. Doc. 36)

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). This Court has explained that, "[i]n Louisiana, service of citation or other process is made by personal or domiciliary service." *Able Sec. & Patrol, LLC v. State of Louisiana*, No. CIV.A. 07-1931, 2009 WL 1870851, at 2 (E.D. La. June 29, 2009) (citing La. Code Civ. Proc. art. 1231). Louisiana does, however, allow a public officer to be served "at his office either personally, or in his absence, by service upon any of his employee" or, in the absence of an established office, "at any place where the chief executive officer of the political entity or the public officer to be served may be found." La. Code Civ. Proc. art. 1265. Additionally, "[i]n cases wherein an individual is named in pleadings in more than one capacity, personal service on that individual is sufficient to constitute service of process on that individual in all capacities." La. Code Civ. Proc. art. 1237. However, "[n]either the Federal Rules of Civil Procedure, nor Louisiana law, provide for service of process on individuals within the State of Louisiana by certified mail." *Jones v. Becnel*, No. CIV.A. 15-713, 2015 WL 4677543, at 4 (E.D. La. Aug. 6, 2015).

Plaintiff filed suit on November 11, 2019. (Rec. Doc. 1). Plaintiff, therefore, was required to effectuate service of process by February 19, 2020. *See* Fed. R. Civ. P. 4(m). On March 12, 2020, after the time to serve defendants had expired, this

Court issued an order requiring plaintiff to file into the record returns of service of process on all defendants by April 10, 2020. (Rec. Doc. 5). Moreover, this Court warned that "[f]ailure to do so will result in **DISMISSAL** of the unserved defendants without further notice." *Id.* (emphasis in original). Plaintiff failed to comply, but filed a motion for extension of time three days after this Court's deadline expired. (Rec. Doc. 7).[3] This Court granted plaintiff's untimely request, and ordered plaintiff to serve the outstanding defendants no later than June 12, 2020.

Defendant Noto moves to dismiss claims against him for failure to adequately affect service of process. (Rec. Doc. 31-1 at 5-6). Defendant contends that, as of July 31, 2020, he still had not been properly served. *Id.* In a sworn declaration accompanying his motion, defendant states that he found an envelope addressed to him on his work desk containing a copy of the complaint. (Rec. Doc. 30-2). Defendant further states that he has received no other copy of the complaint, that he has not been personally served, and that no copy was left at his residence. *Id.* Defendant's motion was also accompanied by a scanned photograph of the envelop allegedly mailed to his office.[4] *Id.* at 2. Plaintiff only briefly addresses

---

[3] Plaintiff's motion was deemed deficient, (Rec. Doc. 8), and this Court ordered plaintiff to remedy the deficient motion on April 14, 2020. (Rec. Doc. 9). Plaintiff subsequently filed a cured motion on May 4, 2020. (Rec. Doc. 14).
[4] The photograph displays an envelope with postal markings from the United States Postal Service and is addressed to defendant Noto, although the return address is obscured only to reveal an address and zip code from Slidell, Louisiana. (Rec. Doc. 30-2 at 2). Therefore, it is impossible to tell from defendant's exhibit by whom the package was sent, what it contained, or the

his failure to properly serve defendants, stating only: "I do not know how to correct the defect in service."[5] (Rec. Doc. 37-1 at 3). Because plaintiff, who bears the burden of disproving deficiency of service, has neither demonstrated its sufficiency nor demonstrated good cause for his failure to properly serve defendant, defendant's motion to dismiss has merit. (Rec. Doc. 30). Because defendant's motion to dismiss has merit in both his official capacity, pursuant Rule 12(b)(1), and his individual capacity, pursuant to Rule 12(b)(5).

Assuming arguendo the inapplicability of dismissal under FRCP 12 (b)(1) and 12 (b)(5), the instant §1983 complaint against all defendants is barred pursuant to Rule 12(b)(6) and the United States Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). The *Heck* decision requires federal courts to dismiss a complaint that collaterally brings into question the constitutional validity of a conviction or sentence if the conviction or sentence has not already been invalidated. False arrest claims and claims regarding evidentiary matters, as similarly asserted here, have been rejected under *Heck*. *See Queen v. Purser*, 109 F.App'x 659, 660 (5th Cir. 2004) and *Penley v. Collin*

---

date it was received, though the postal stamp does appear to be dated May 28, 2020. *See id.* However, as noted, the plaintiff bears the burden of proving effective service when its sufficiency is challenged. *See Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012)

[5] Plaintiff cites this Court's August 4, 2020 order requiring correction service of process. (Rec. Doc. 37-1 at 3). However, that appears to be an erroneous reference, as this Court's August 4, 2020 order pertained to time to file responsive pleadings for other plaintiffs who *had* been served. (Rec. Doc. 31).

*County, Texas*, 446 F.3d 572 (5th Cir. 2006). Moreover, the AEDPA allows federal courts the discretion to dismiss any unexhausted challenge to the constitutionality of a state court conviction on its merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). *Rodriguez v. Stephens*, No. 2:12-CV-187, 2014 WL 3058297, at *4 (N.D. Tex. July 7, 2014). Chapa fails to show that his conviction has been invalidated by any court. To the extent he seeks invalidation of the conviction, he has not shown timely exhaustion of state court remedies, or reasons to abrogate the exhaustion rule, under 28 U.S.C. §2254. Therefore, the claims based under the latter statute and §1983 are dismissed.

**Plaintiff's Motion to Vacate this Court July 13, 2020 Order**

Although defendants oppose plaintiff's motion to vacate under both Rules 59(e) and 60(b), only the latter is applicable because plaintiff's motion was filed more than 28 days after the order it challenges. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see also Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019). Under Rule 60(b), a party may seek relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;

14

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff's motion could only qualify as a motion to vacate under Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect," or 60(b)(6), "any other reason that justifies relief." *See id.*

Plaintiff does not suggest that his failure to oppose the motions to dismiss which precipitated the July 13, 2020 order was the result of any mistake, inadvertence, or surprise. However, plaintiff's contention that he does not know how to oppose the motions without counsel could be characterized as "neglect." (Rec. Doc. 37-1 at 1). However, plaintiff has not established that this neglect was excusable, instead conceding only that he is "absolutely unable to represent [him]self." *Id.* However, plaintiff's failure to secure counsel, or to seek appointment of counsel by this Court until the final hour, do not constitute *excusable* neglect.

Rule 60(b) also permits a court to relieve a party from a judgment "for any reason that justifies relief." Fed. R. Civ. P.

60(b)(6). "It is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). A motion to vacate pursuant to Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *See id.* (internal quotation marks and citation omitted). Plaintiff's motion does not suggest, nor justify an inference of, such "extraordinary circumstances" to warrant an order vacating this Court's July 13, 2020 order.

Plaintiff's arguments essentially turn on the request for appointment of counsel, dispensed with above, and the Supreme Court's recent decision in *Ramos v. Louisiana*.[6] (Rec. Doc. 37-1). He contends that, in light of the Supreme Court's April 2020 decision in *Ramos*, his conviction must be invalidated, thereby necessitating reconsideration of his claims against all defendants. *Id.* at 5. However, "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990), *holding modified by* Hess v. Cockrell, 281 F.3d 212 (5th Cir. 2002). Moreover, as explained earlier, Chapa fails to show compliance with applicable laws to authorize him to proceed with a challenge

---

[6] 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020).

to the conviction. See *Heck* and 28 U.S.C. § 2254(b)(2), cited and explained *supra*.

Additionally, plaintiff did not comply with the explicit instruction in this Court's July 13, 2020 order that any motion for reconsideration must be filed within thirty days of the order. (Rec. Doc. 28 at 2). Per this Court's instruction, plaintiff was required to challenge this Court's order by August 12, 2020. *See id.* Plaintiff did not file the instant motions until August 26, 2020. (Rec. Docs. 37, 38). Additionally, this Court mandated that any such motion "be accompanied by opposition memoranda to the original motions." (Rec. Doc. 28 at 2). Plaintiff has neglected to oppose motions underlying that judgment. Therefore, plaintiff's motion to vacate is not timely, does not comply with this Court's order, and fails to rectify the deficiencies in his complaint that this Court found meritorious.

New Orleans, Louisiana, this 29th day of March, 2021

SENIOR UNITED STATES DISTRICT JUDGE